[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12478
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00091-SCJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRITTANY VONCIA JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 30, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brittany Jones appeals the 30-month sentence of imprisonment she received

after the district court revoked her term of supervised release.  *See* 18 U.S.C.

§ 3583(e).    Jones first argues that her sentence is procedurally unreasonable because the district court considered an impermissible factor, 18 U.S.C. § 3553(a)(2)(A), which she believes does not apply in revocation proceedings. Second, she argues that the sentence is substantively unreasonable as "unduly harsh" under the totality of the circumstances.  After careful review, we affirm.

## I.

Jones was indicted in March 2012 on one count of conspiracy to commit bank fraud, three counts of bank fraud, and one count of aggravated identity theft. According to the indictment, Jones opened fraudulent bank accounts into which she deposited worthless checks and then withdrew the funds before the bank could determine that the checks were worthless.  She pled guilty to each count in the indictment and was sentenced to 48 months of imprisonment to be followed by three years of supervised release.  She began serving her term of supervised release in August 2015.

In March 2017, the U.S. Probation Office petitioned to revoke Jones's supervised release based on her October 2016 arrest for allegedly engaging in the same type of fraud that resulted in her 2012 conviction.  Jones admitted to the violation, so the issues before the district court at the revocation hearing in June 2017 were whether, and if so, for how long, Jones should be sentenced to prison. The applicable guideline range, based on a Grade B violation and a criminal

history category of II, was 6 to 12 months.  The statutory maximum sentence was 36 months, which is the sentence the government requested.  Jones argued for a sentence of 18 months of home confinement with electronic monitoring followed by 18 months of supervised release.

Ultimately, the district court sentenced Jones to a term of 30 months of imprisonment with no supervised release to follow.  The court stated that, pursuant to 18 U.S.C. § 3583(e), it considered certain factors set forth in § 3553(a).  In particular, the court cited the fact that Jones, shortly after starting her term of supervised release, went back to "doing the exact same thing again."  This conduct, according to the court, showed that she had not "really learned anything, or [that she had] a lack of respect for the law."  The court also considered deterrence as well as the nature and circumstances of the prior and present offenses in concluding that a sentence of 30 months was appropriate.

Jones objected, without success, that the sentence was "unreasonable, particularly substantively unreasonable in light of the § 3553(a) factors."  She then brought this appeal.

**II**.

We generally review the sentence imposed upon revocation of supervised release, including a sentence above the recommended guideline range, for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th

Cir. 2008); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 591 (2007). But when a defendant fails to object to the procedural reasonableness of a sentence in the district court, we generally review that aspect of the sentence for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Upon finding that the defendant violated a condition of supervised release, the district court may revoke supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). The district court may in its discretion give greater weight to some factors over others, *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015), and the court is not bound by the guideline range established by the Sentencing Guidelines, *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006). If the district court decides to impose an upward variance, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). We will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated

by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

Jones first argues that the district court erred by considering § 3553(a)(2)(A) when imposing her revocation sentence. She concedes that our review is for plain error because she did not raise this specific issue before the district court at sentencing. *See Vandergrift*, 754 F.3d at 1307.

According to § 3583(e), which governs the revocation of supervised release, the court may impose a term of imprisonment "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, and the need to protect the public. Notably absent from this list is § 3553(a)(2)(A) ("the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). Jones reasons that § 3583(e)'s omission of § 3553(a)(2)(A) makes clear that district courts may not consider that factor in revocation proceedings.

We addressed this same argument in *Vandergrift*. There, we concluded that a court's consideration of § 3553(a)(2)(A) in the supervised-release revocation context was not a plain error. *See* 754 F.3d at 1308–09. While Jones relies on the text of § 3853(e) to establish the "plainness" of the error, we found in *Vandergrift*

5

that "[t]he text of § 3583(e) does not . . . explicitly forbid a district court from considering § 3553(a)(2)(A)." *Id.* We also noted that the U.S. Supreme Court had not addressed whether it was an error to consider § 3553(a)(2)(A) in the revocation context,[1] that other circuits were split on the issue, and that we had not addressed the issue in a published opinion. *Id.* at 1308. Because the Supreme Court had not resolved the issue and the circuits were split, we concluded that any alleged error could not be "plain." *Id.* at 1309.

Jones has not identified any development in the law on this issue since *Vandergrift*. Accordingly, under *Vandergrift*, Jones has not shown that the district court plainly erred by considering § 3553(a)(2)(A) when imposing her revocation sentence.[2]

---

[1] In *Tapia v. United States*, 564 U.S. 319, 326 (2001), the Supreme Court stated in dicta that "a court may not take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release" under § 3583(c), which lists the same § 3553(a) factors as § 3583(e). In *Vandergrift*, we found that this statement, to the extent it was binding for the initial decision to impose a term of supervised release, was not binding in the context of imposing a sentence of imprisonment upon revocation of a term of supervised release. 754 F.3d at 1308 n.3.

[2] Indeed, on this record, are we not convinced that the district court even erred, much less plainly so. Although the court cited Jones's "lack of respect for the law," which mirrors one of the factors in § 3553(a)(2)(A), the court's comments could just as easily be construed as reflecting its intent to punish Jones's breach of trust. After all, the primary goal in sentencing a defendant upon revocation of supervised release, according to the Sentencing Guidelines, is to sanction "the defendant's breach of trust." U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). And the fact that a defendant, shortly after release from confinement, goes back to committing the exact same type of criminal conduct that led to her confinement in the first place seems to us a relevant and proper factor for a court to consider when evaluating the extent of the breach. It also speaks to the defendant's history and characteristics and the need for deterrence, two factors which undisputedly may be considered during revocation proceedings. *See* 18 U.S.C. § 3583(e).

6

Jones next argues that her sentence is substantively unreasonable because it is unduly harsh under the circumstances. In support, she points out that she had no prior violations, that she complied with the other conditions of supervised release, that her criminal history is non-violent and not extensive, and that she was seeking treatment and rehabilitation.

We conclude that the district court did not abuse its discretion in imposing the 30-month sentence of imprisonment, an upward variance from the advisory guideline range. *See Gall*, 552 U.S. at 41. The court determined that an upward variance was appropriate given that Jones, shortly after starting her term of supervised release, went back to committing the exact same type of crime that led to her incarceration in the first place. The similarity in criminal conduct, the court found, showed that Jones did not learn anything from her initial incarceration and that the needs of deterrence would be served by a longer revocation sentence with no supervised release to follow. The court's findings are supported by the record and it did not abuse its considerable discretion in weighing the § 3553(a) factors as it did. *See Rosales-Bruno*, 789 F.3d at 1254. Accordingly, we conclude that the court's reasons for imposing a sentence above the advisory guideline range were sufficiently compelling to support the degree of the variance," *Williams*, 526 F.3d at 1322, and that the chosen sentence was not "outside the range of reasonable sentences dictated by the facts of the case," *see Shaw*, 560 F.3d at 1238.

7

For these reasons, we affirm Jones's sentence.

**AFFIRMED.**